# The State *v.* Bauerman.

*Indictment against Immigrant, for Leaving Service without Paying Expenses Advanced.*

1.  *Appeal by State.*—Under the statute giving the State a right of appeal in a criminal case, when the statute under which the indictment was found is held to be unconstitutional (Sess. Acts 1880–81, p. 65), the record must affirmatively show that the constitutionality of the statute was assailed by demurrer, and that the court held it to be unconstitutional; and when the record does not affirmatively show this, the appeal will be dismissed.

APPEAL from the Circuit Court of Escambia.

The record does not show the name of the presiding judge.

The indictment in this case was found at the March term of said court, 1881, and charged that the defendant, Joseph Bauerman, " an immigrant, and a citizen of North Carolina, who had contracted with William M. Carney, in said State of North Carolina, to serve him as a laborer, for twelve months, in the State of Alabama, at and for a compensation of twenty-five dollars per month, and having obtained from said Carney his passage-money to this State, and other advances, to the aggregate amount of nineteen dollars, did abandon or leave the service of said Carney, eleven months before the expiration of his term of service, without re-paying all of said passage-money and other advances; against the peace," &c.   The defendant demurred to the indictment, assigning the following grounds of demurrer : " 1st, that said indictment does not allege that the contract of service between defendant and the alleged employer is in writing, and recorded in the probate office of the county of employer's residence ; 2d, that said indictment does not charge defendant with the violation of any law in this State ; 3d, that said indictment does not show that defendant was an emigrant, with whom a contract had been made in a foreign country, or that it was within two years after the arrival of such *emigrant* in this country."   The judgment on the demurrer is in these words :   " Comes the State, by its solicitor, and also the defendant in his own proper person, and by counsel ; and the defendant demurs to the indictment; which demurrer, upon

[The State v. Bauerman.]

consideration by the court, is sustained; to which ruling the State, by its solicitor, excepts; and the said indictment is quashed and annulled."

H. C. Tompkins, Attorney-General, for the State.

J. M. Whitehead, *contra.*

SOMERVILLE, J.—The present appeal is taken by the State, from the judgment of the Circuit Court, sustaining a demurrer to an indictment in a criminal case.

Such an appeal is authorized, in certain cases, under a late statute, entitled "An act to secure the right of appeal to the State in criminal cases, when the act of the General Assembly, under which the indictment is found, is held to be unconstitutional;" which was approved December 8th, 1880.—Acts 1880–81, p. 65. This act provides, that "the constitutionality of a statute, under which an indictment is found, can only be raised by demurrer to the indictment or complaint," and that, when the act is held to be unconstitutional, "the solicitor may take an appeal on behalf of the State, to the Supreme Court."

The conditions, upon which this right is secured to the State, it will thus be seen, are two : *first,* the act must have been pronounced by the lower court to be *unconstitutional; second,* this decision must have been made by the court on *demurrer,* interposed by the defendant. An exception being thus incorporated by this statute into the general rule, which denies to the State the right of appeal in criminal cases, we are of opinion that the record should affirmatively show that the constitutionality of the act assailed was one of the questions specifically presented by the demurrer. The clear legislative intent is, that the lower court shall not consider or decide the question of the constitutionality of any statute, unless it is presented by demurrer with reasonable certainty, alleging, in substance, that the statute is violative of a certain article and section of the constitution, or, at least, in what particular respect it is violative of the fundamental law. If the judgment-entry shows, however, that the specific ground of the court's decision was the unconstitutionality of the act under which the indictment was found, and any ground of demurrer assigned is broad enough to embrace the question, although ambiguous, we need not say that the State would, in such cases, be debarred of the right of appeal intended to be secured by the act under consideration. But it is needless to say that such a case can not properly arise, so long as a proper regard is had for the rules of pleading in *nisi-prius* courts.

The record fails to show a case within the statute, it no

[Gayle's Adm'r v. Johnston.]

where appearing that the act, under which the indictment was found, was declared to be unconstitutional by the Circuit Court, or that it was assailed by demurrer on this specific ground. The appeal is, for this reason, dismissed.