# Lee *v.* The State.

*Indictment under the Statute securing Payment of Fines and Costs in Criminal Cases.*

1. *Constitutional inhibition against imprisonment for debt: what not a debt within meaning of.*—Neither fines, forfeitures, nor costs in criminal cases, are debts within the meaning of the constitutional provision, "That no person shall be imprisoned for debt."

2. *Same; what act not violative of.*—This constitutional provision is not violated by the act of the General Assembly, approved February 23rd, 1883, entitled "An act to better secure the payment of fines and costs in criminal cases in the courts of this State" (Pamph. Acts, 1882–3, p. 166).

APPEAL from Marengo Circuit Court.

Tried before Hon. WM. E. CLARKE:

The first section of the act under which the indictment in this case was preferred, provides "that when any person is convicted and fined in any of the courts of this State, and contracts with any person or persons to confess judgment with him as his security or securities for the payment of the fine and costs incident to such conviction, and by such contract he agrees, in consideration of such person or persons becoming such security or securities, to do or perform any thing, act or service for such security or securities, he shall in all things comply with the provisions of said contract;" then follows certain provisos touching the approval and record of the contract. By the second section it is provided, "that if said person so convicted shall leave or escape from such service, he shall be guilty of a misdemeanor, unless he shows to the jury by whom he is tried a good and sufficient excuse for such refusal or failure, and, on conviction of such misdemeanor, he shall be fined not more than five hundred dollars, and not less than the amount or value of the damages which the party so contracting with him has suffered by such refusal or failure. *Provided,* That in all prosecutions under this act, the prosecutor and defendant shall be competent witnesses." The third section provides "that so much of the money arising from the payment of the fine mentioned in section two hereof, as shall be sufficient to pay the damages provided for therein, shall be paid to said party who suffers such damages, by the officer or

person who collects such money, as soon as the same is received and collected." And by the fourth and last section of the act, it is provided that it shall take effect from the date of its passage.

The facts are sufficiently stated in the opinion. The defendant was convicted, and from the judgment of conviction he takes this appeal.

Eugene McCaa, for appellant.

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—Section 21 of the Declaration of Rights declares, "That no person shall be imprisoned for debt." In *ex parte John Hardy*, 68 Ala. 303, we considered this clause of the Constitution at great length, and held that where the foundation of the injury complained of was the non-payment of a debt—a debt created by contract,—then by no device could the debtor be imprisoned for its non-payment. We limited the exemption to contract liabilities; for it is manifest that fines, forfeitures, mulcts, damages for a wrong or tort, are not a debt within this clause of the Constitution. Certain duties are cast on all citizens for the welfare of society ; to serve on juries, to work the public roads, to testify as witnesses, to act as a *posse comitatus*, when thereto lawfully summoned, and when a citizen, by his own misconduct, exposes himself to the punitive powers of the law, the expense incident to his prosecution and conviction, each and all of these may result in subjecting the defaulter to a money liability. These are not debts incurred by contract *inter partes*, but are the result of being members of the social compact, or body politic.—*Ex parte Hardy, supra; Caldwell v. The State*, 55 Ala., 133 ; *Cain v. The State, Ib.* 170 ; *State, use, etc. v. Allen,* 71 Ala. 543 ; *Wightman v. Wightman*, 45 Ill. 167 ; *State v. Bauerman*, 72 Ala. 252.

An illustration of this principle may be drawn from *Caldwell v. The State, supra*. We there held that a convicted defendant could be sentenced to imprisonment, or hard labor, for the non-payment of the costs of his conviction. Such costs were only a money liability, but they were not a debt contracted. They were but the expense incident to the maintenance of the law. So, if one indicted be out on bail, he is under a contract to his surety, express or implied, that he will appear at the proper court, and submit himself to be tried. Yet, while he is so at large on bail, his bail or surety may arrest him on his own mere will, deliver him into the custody of the sheriff, and the latter may and must consign him to prison, unless he give other satisfactory

[Hughes v. The State.]

bail. This is not imprisonment for debt, but a mere method of relieving his surety of a money liability, incurred by contract.—*Cain v. The State, supra.*

The appellant in this case was indicted under the act "to secure payment of fines and costs in criminal cases," approved February 23rd, 1883.—Sess. Acts, 166. There was a demurrer to the indictment, alleging the unconstitutionality of the statute, which the court overruled. The particular objection to the statute is, that it authorizes imprisonment for debt. We do not so understand the statute. The charge against the defendant was, not that he refused to pay a debt he had contracted, but that he ran away from the hard labor imposed on him as a punishment for the offense he had committed. He had not worked out the sentence to hard labor, to which he had been condemned. The statute was conceived in the most humane spirit, and offers to convicted offenders the opportunity of selecting their own task master, the kind of service they will render, and of having a voice in the measure of compensation. All these advantages the statute secures to them, if they are so fortunate as to find a friend who will trust them. The confessed judgment, and the contract approved by the court, do not satisfy the offended law, nor pay the penalty imposed. They are but the condition on which the offender is permitted to select how and whom he will serve, in satisfying the broken law. No one would question the constitutionality of a statute, making it indictable for one sentenced to hard labor, to escape or flee from the service. We regard the present statute as substantially that identical thing, tempered to the offender by a humane impulse; and hence, we hold it constitutional.—4 Cooley's Blackstone, 5, note 3.

The judgment of the circuit court is affirmed.