# Smith v. The State.

### Indictment for Violating Contract to Secure Payment of Fine and Costs.

1. *Indictment; necessary averments; proviso.*—When a proviso to a statute attaches a qualification or limitation, by which particular cases are excepted from the operation of the enactment, it is not necessary that an indictment under the statute shall negative the proviso ; but,

[Smith v. The State.]

when the proviso makes the existence of any fact an essential element of the offense, or necessary to a conviction under it, the indictment must allege the existence of that fact.

2.  *Same.*—In an indictment under the statute "to better secure payment of fines and costs in criminal cases" (Sess. Acts 1882–83, p. 166), a written contract by the defendant, signed in open court, approved by the presiding judge or magistrate, and filed for record in the office of the probate judge, being an essential ingredient of the offense declared by the second section, though expressed only in the proviso, must be alleged with the requisite certainty and precision.

APPEAL from Circuit Court of Pike.

Tried before Hon. JOHN P. HUBBARD.

In this cause only the sufficiency of the indictment is considered in the opinion of the court. The defects in the indictment are set out in the opinion. The questions raised in the bill of exceptions not being mentioned in the opinion, it is not considered necessary to state them here.

P. O. HARPER, for appellant.

T. N. McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—The appellant is indicted under the act : " To better secure payment of fines and costs in criminal cases in the courts in this State." The statute provides : " That when any person is convicted and fined in any of the courts of this State, and contracts with any person or persons to confess judgment with him as his security or securities for the payment of the fine and costs incident to such conviction, and by such contract he agrees, in consideration of such person or persons becoming such security or securities, he shall in all things comply with the provisions of such contract; provided said contract is in writing, and signed by the party to be bound thereby in open court, and approved in writing by the judicial officer before whom the judgment and conviction is rendered ; and provided further, that said contract shall be filed for record in the office of the probate judge of the county in which such conviction is had, within ten days after the date of the execution thereof." By the second section of the act, it is made a misdemeanor to leave or escape from such service without a good and sufficient excuse.—Acts 1882–83, p. 166.

The general rule is, that an indictment shall contain every necessary ingredient of the offense, every fact material to constitute the crime, which must be charged with certainty. Ordinarily the office of a proviso is, to attach a qualification or limitation to the enactment, whereby particular cases are excepted from its operation. When such is the case, it is

[Ash v. The State.]

not necessary to negative the statutory proviso, or to allege that the defendant is not within the benefit of the qualification or limitation. But where a proviso makes the existence of a certain fact requisite to constitute the statutory offense, when it is so expressed as to be incorporated in the definition of the prohibited act, and provides a qualification requisite to bring a case within the enacting clause, the indictment must allege the existence of such fact.—Whar. Cr. Pl. & Pr. §§ 238, 239; *Britton v. St te*, 77 Ala. 202.

By the proviso in the first section of the act, a contract in writing, signed by the party to be bound in open court, and approved in writing by the judicial officer before whom the judgment of conviction is rendered, enter into the description or definition, and are essential ingredients of the offense, created by the statute. The indictment fails to charge that the contract was in writing, or that it was signed by the defendant in open court, or was approved in writing by the justice of the peace who rendered the judgment of conviction, with the requisite precision and certainty. It does not show that the defendant had committed any act violative of the criminal law.

Reversed and remanded.