[Wynn v. The State.]

# Wynn v. The State.

*Indictment against Convict escaping from Service of Surety in Judgment confessed for Fine and Costs.*

1. *Confession of judgment for fine and costs, under contract between convict and surety ; extent of service.*—Advances made to the convict by his surety in the confessed judgment, though included in the written contract between them, are not within the purview of the statute which makes it a misdemeanor for the convict to leave or escape from the service of the surety (Sess. Acts 1882-3, p. 166), since imprisonment or hard labor can, under constitutional provisions (Art. i, § 33), only be imposed on non-payment of the fine and costs.

2. *Same ; sufficiency of indictment.*—An indictment against the con-vict, which charges that he left or escaped from the service " before the said fine and costs *and other advances were* paid," is fatally defective.

3. *Same ; constituents of offense.*—While the statute makes it a mis-demeanor for the convict to " leave or escape from " the service of the surety, it makes no provision for inefficient service.

4. *Same ; infancy as defense.*—The minority of the convict, at the time he entered into the contract with his surety in the confessed judg-ment, is no defense to an indictment for leaving or escaping from the service.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged that the defendant, Monroe Wynn, having been convicted of larceny, and fined $25 besides costs, thereupon entered into a written contract with one M. D. Floyd, which was approved by the presiding judge and duly recorded, and by which, in consideration of said Floyd confessing judgment as his surety for said fine and costs, said Wynn " agreed to do and perform good and faithful work for said Floyd, at the rate of $7 per month and feed, until the full amount of said fine and costs and other advances were fully paid ; and that said Wynn failed to comply with the provisions of said contract, and left or escaped from the service of said M. D. Floyd, before said fine and costs and other advances were fully paid." On the trial, issue being joined on the plea of not guilty, the written contract between the defendant and M. D. Floyd was read in evidence, against the defendant's objection, " because it provided that he should do good and faithful labor for said Floyd, until said fine and costs and other ad-vances had been fully paid ;" and he duly excepted to its admission. Said Floyd, testifying as a witness for the prosecution, stated that " said fine and costs had not been

[Wynn v. The State.]

paid as provided in said contract;" that the defendant did not run away, or leave his service, but he would not work except when he (witness) was present ; that during the time defendant remained in his service, four or five weeks, he did not do as much work as he ought to have done in a week ; " that after using all methods known to him to get the defendant to do good labor and work properly, and failing to get him to do any better, witness brought him to town, and had a warrant of arrest issued against him for violating his said contract ; and thus the proceedings in this case were commenced." · It was proved, also, that the defendant was about seventeen years old when he made said contract with Floyd.

This being all the evidence, the court charged the jury, "that under the statute on which this prosecution is founded, it was not necessary that the defendant should run away, or escape from the service of said Floyd, in the ordinary acceptation of these terms, in order to render him guilty ; that if he failed or refused to comply with the provisions of his contract, unless he showed to the jury a good and sufficient excuse for such failure or refusal, this would be an offense against the statute, the other elements being proved." The defendant excepted to this charge, and requested the court to instruct the jury—1st, " that if the defendant was a minor when he made the contract, then he had a right to disaffirm it, and to leave the service of said Floyd ;" 2d, "that they must find the defendant not guilty, if they believe the evidence." The court refused these charges, and the defendant excepted to their refusal.

P. O. HARPER, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—Under the act " the better to secure the payment of fines and costs in criminal cases in this State," approved February 23, 1883,—Acts Ala. 1882–83, p. 166,—a defendant who is convicted and fined in any of the courts of this State, may procure his enlargement on certain conditions. In *Lee v. State*, 75 Ala. 29, we considered the constitutionality of this statute, and held it constitutional. Under this statute, Monroe Wynn obtained his liberation from actual custody, by contracting with one Floyd to confess judgment with him for fine and costs, which had been imposed on him, and in consideration thereof Wynn contracted to serve Floyd on certain terms, until the fine and

[Sewell v. The State.]

costs were paid. The contract was approved by the presiding judge.

The present indictment was against Wynn, for violating that contract. The indictment charges that "Monroe Wynn, in consideration of M. D. Floyd becoming such security, agreed to do and perform good and faithful work for said Floyd, at the rate of seven dollars per month and feed, until the full amount of said fine and costs and other advances were fully paid ; and that said Monroe Wynn failed to comply with the provisions of the said contract, and left or escaped from the service of said M. D. Floyd, before said *fine and costs and other advances* were fully paid."

In *Green Smith v. State*, at the present term, we decided that a convict could not be detained in involuntary servitude or custody for the payment of advances. Only the fine and costs imposed on a conviction for crime or misdemeanor, come within the provisions of the statute under which the present indictment was framed. The charge in this case is, that the defendant left or escaped from the service " before said fine and costs and other advances were fully paid." This is not the equivalent of an averment that he left or escaped before the fine and costs were paid, and it follows that the indictment is bad.

There is another fatal imperfection in this case. The statute makes it a misdemeanor to "leave or escape" from the service. It makes no provision for inefficient service. The proof shows no indictable breach of the contract, and the defendant ought not to have been convicted, as the statute now stands.

There is nothing in the objection, that the appellant was a minor.

Reversed, but not remanded. Let the prisoner be discharged.