# Ward v. The State.

### Prosecution for Failure to Work on Public Road.

1. *Contract of service for surety in confessed judgment; liability to road duty.*—When a defendant, having been fined on conviction of a misdemeanor, has entered into a written contract to perform service for his surety in a confessed judgment for the fine and costs, and the contract has been duly approved and recorded (Code, § 3832), he is regarded as performing compulsory service as a punishment, and is criminally liable for a failure or refusal to serve as stipulated; and he can not, during his term of service, be required to work on the public roads (Code, §§ 1295-6, 4126), against the consent of his surety.

FROM the Circuit Court of Bibb.

Tried before the Hon. JAMES R. DOWDELL.

This was a prosecution for a failure to work on the public roads, without legal excuse, after having been duly notified; was commenced in the County Court, and removed by appeal into the Circuit Court. On the evidence adduced, which was without conflict, the court charged the jury that, if they believed the evidence, they must find the defendant guilty; to which charge he duly excepted.

LOGAN, HARGROVE & VANDEGRAAFF, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

[Ward v. The State.]

CLOPTON, J.—At the time defendant was notified to work on the public road, he was under contract to perform service for one Hall, who had become his surety on a confession of judgment for the fine and costs, imposed on his conviction for a misdemeanor in the Circuit Court. The contract was approved in writing by the judge of the court in which the conviction was had, and was recorded in the office of the judge of probate; and defendant was performing the service, which he had agreed to do under the contract.

Section 3832 of the Code, 1886, declares: "Any defendant on whom a fine is imposed on conviction for a misdemeanor, who in open court signs a written contract, approved in writing by the judge of the court in which the conviction is had, whereby, in consideration of another becoming his surety on a confession of judgment for the fine and costs, agreed to do any act, or perform any service for such person, and who, after being released on such confession of judgment, fails or refuses, without a good and sufficient excuse, to be determined by the jury, to do the act, or perform the service, which in such contract he promised or agreed to do or perform, must, on conviction, be fined not less than the amount of the damages which the party contracting with him has suffered by such failure or refusal, and not more than five hundred dollars." In *Lee v. State*, 75 Ala. 29, this statute was construed as providing a mode for the imposition of labor or service as a punishment. While it was observed, that the statute offers to offenders, convicted of a misdemeanor and fined only, the opportunity of selecting the person for whom they will perform labor, the kind of service they will render, and of having a voice in the measure of compensation, it was also said: "The confessed judgment, and the contract approved by the court, do not satisfy the offended law, nor pay the penalty imposed. They are but the condition on which the offender is permitted to select how and whom he will serve, in satisfying the broken law." The manifest purpose of the statute, as is apparent from its title, was "to better secure the payment of fines and costs in criminal cases in the courts of this State;" and the effect of its provisions is to provide a mode for the imposition of labor or service as a punishment, where the defendant is convicted of a misdemeanor and only fined.

Notwithstanding the privileges and benefits secured to the defendant by the humane provisions of the statute, he is, to

[Barnes v. The State.]

all legal intents and purposes, performing labor or service as a punishment, as if he had been sentenced to hard labor for the county.   Having signed the contract, and the same having been approved by the judge of the court, and recorded, as required by the statute, defendant was placed, by authority of law, under the control, and in the custody of his surety and employer, and restrained of his liberty.   Could defendant be compelled to work on the public roads, while performing the service which he had contracted to perform, he would be placed in a situation, where he must necessarily violate one or the other statute, and incur the prescribed penalties. No one would question that, if defendant had been sentenced to hard labor for the county, and let to hire by the court of County Commissioners, he could not be legally taken from the hirer, and compelled to work on the public roads.   The legislature having authorized such contract, and prescribed penalties for its enforcement, the State must be regarded as having impliedly exempted defendant from liability to work on the public roads  during the continuance of the contract.

Section 4126, under which defendant was convicted, provides:   "Any person, liable to road duty, who willfully fails or refuses, after legal notice, to work the public roads, either in person or by substitute, without a sufficient excuse therefor, must on conviction" be punished as prescribed by the statute.   The controlling words used in defining the offense are *willfully, and without sufficient excuse.*   It is shown that defendant, after being notified, applied to Hall for permission to work on the road, who forbade him to go, on the ground that he was under contract to work for him.   Hall, having the right under the statute to restrain him, defendant can not be said to have willfully failed or refused.   His excuse must be regarded as sufficient.

Judgment reversed, and defendant discharged.