# Giles *v.* The State.

*Indictment for Failure to perform Service for Surety in Confessed Judgment for Fine and Costs.*

1. *Sufficiency of indictment.*—An indictment which charges that the defendant, having been convicted of a misdemeanor, "in consideration of M. having confessed judgment and being security for said fine and costs, entered into a contract in writing with said M.," which was approved in open court by the presiding judge and duly recorded, " to perform service, and has abandoned said contract without just cause or excuse, and has failed or refused to perform said service" (Code, § 3832), is demurrable, because it does not allege that the contract was signed in open court, and because it does not allege that the approval by the presiding judge was in writing, but not because of its failure to allege that the defendant was released on the confession of such judgment.

FROM the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

The indictment in this case charged that the defendant, Frazier Giles, "having been convicted in the County Court of Pike county on a charge of misdemeanor, and in consideration of M. D. Miers having confessed judgment, and becoming security for said fine and costs, entered into a contract in writing with said M. D. Miers to perform service, said contract approved in open court by the presiding judge, and has abandoned said contract without just cause or excuse, and has failed or refused to perform said service; said contract having been recorded in the probate office of Pike county, within the time prescribed by law; against the peace," &c. On the first trial, a demurrer was interposed to the indictment, and a bill of exceptions was interposed to several rulings on other matters, as shown by the former report of the case—88 Ala. 230. · On the second trial, as the record now shows, the defendant again demurred to the indictment, and assigned the following grounds of demurrer, as twice copied into the transcript: "(1.) Said indictment fails to aver that the defendant signed the written contract in open court, and approved in writing by the judge—fails to aver that said contract was approved in writing by the judge of said court, &c. (2.) Said indictment fails to aver that said

defendant was released on said confession of judgment." The court overruled the demurrer.

W. L. PARKS, for appellant, cited *Sparenberger v. State*, 53 Ala. 481; *Johnson v. State*, 44 Ala. 414; *Bryan v. State*, 45 Ala. 86; *Danner v. State*, 54 Ala. 127; *McPherson v. State*, 54 Ala. 221.

WM. L. MARTIN, Attorney-General, for the State, cited *Giles v. State*, 88 Ala. 230.

CLOPTON, J.—The constituents of the offense for which defendant was convicted, as described by the statute, are: *first*, a fine imposed on conviction for a misdemeanor; *second*, a written contract entered into by the accused, whereby, in consideration of another becoming his surety on a confession of judgment for the fine and costs, he agrees to do any act, or perform any service for such person; *third*, signing the contract in open court, its approval in writing by the judge of the court in which the conviction was had, and being filed for record in the office of the judge of probate of the county; and, *fourth*, a failure or refusal to do the act or perform the service as contracted.—Code, § 3832. It is true that the failure or refusal will be free from criminality, if there be a good and sufficient excuse; but this exception constitutes no part of the definition or description of the offense, is matter of defense, and need not be negatived by averment.—*Britton v. State*, 77 Ala. 202.

When this case was formerly before the court (88 Ala. 230), the grounds of demurrer then presented and considered were, that the indictment did not use, in the description of the offense, the statutory words "without a good and sufficient excuse," and failed to allege that defendant was released on the confession of judgment. It was correctly ruled, that there was no error in overruling these specified grounds of demurrer. After the remandment of the case, additional causes of demurrer were assigned, which are, that the indictment does not allege that the contract was signed in open court, or that it was approved in writing by the judge. The overruling of these grounds of demurrer brings for consideration the sufficiency of the indictment in these respects.

The statute creating a new offense, unknown to the common law, and describing its constituents, an indictment

[Kemp v. The State.]

under it must comform substantially to the statutory description, and aver all the material and essential constituents of the criminal act. Comparing the averments with the statutory description, the indictment will be found defective in several respects. It fails to allege, except inferentially, that a fine was imposed, or that the contract was signed in open court, or that it was approved in writing by the judge of the court in which the conviction was had, or any description of the act or service which defendant agreed by the contract to do or perform. Without averment of these ingredients, the indictment charges no criminal offense; for the statute does not denounce as criminal the failure or refusal to perform service under any contract, not made for the purpose, under the circumstances, and in the manner required by the statute. It follows, that the cause of demurrer assigned after the remandment of the case, except the one that the indictment does not allege that defendant was released on the confession of judgment, should have been sustained.

It is unnecessary to consider the evidence.

Reversed and remanded.

