[Shepherd v. The State.]

# Shepherd v. State.

*Prosecution for Violation of Contract made when Judgment Confessed.*

1. *Confession of judgment; violation of contract entered into.*—When upon a conviction of a misdemeanor, the defendant enters into a contract under the statute (Code, § 3832) with the person who confesses judgment with him to do penal labor as a "farm-hand," the labor which he can be required to do is only that of a "farm-hand," and the contract can not be so modified as to allow any other service to be required of the laborer; and if, upon being hired out to another person to do different labor than that contracted for, the defendant refuses to work and leaves such service, he is not amenable to the penalties of the statute for violating his contract with the person who confessed judgment with him.

APPEAL from the County Court of Macon.

Tried before the Hon. W. H. HURT.

The appellant was prosecuted in the county court of Macon county on a complaint charging him with a "failure, without good and sufficient cause, to perform a contract with surety confessing judgment for fine and costs," and was convicted of the offense charged. The facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State, cited Code, § 3832; *Riley v. State*, 94 Ala. 82; *Simpson v. State*, 97 Ala. 78.

HARALSON, J.—There is no dispute but that the contract of the defendant with Mrs. Cunningham, was good and sufficient for the purposes intended, and was according to section 3832 of the Code, for the alleged violation of which defendant was proceeded against. That contract recites that defendant had pleaded guilty in the county court in a specified criminal proceeding for a misdemeanor, and was fined $50 and cost,—the fine and costs amounting to $84.10, for which latter sum, Mrs. Cunningham for and with the defendant—confessed a judgment, and she paid the amount thereof for de-

[Shepherd v. The State.]

fendant. It then proceeds : ''I agree to labor for the said Mrs. Cunningham as a farm-hand, and do good and faithful service at and for the sum of $5.00 per month until said fine and costs are fully paid. The said Mrs. Cunningham agrees to furnish me good sufficient food and clothing, medicine and medical attention when needed.'' This contract as appears from the transcript, was taken and approved by the judge of the county court in which said conviction was had, and on the day of said conviction, and was filed for record in the office of the judge of probate of the county on the same day.

The agent of Mrs. Cunningham, one Hall, her present husband, testified that defendant worked on the plantation of his wife as a farm-hand for about five months, and that he, as her agent, with the consent of defendant hired him to the section boss on the railroad, and while so employed defendant quit his work and went away and has never returned, and had failed to carry out his contract with his surety ; and he instructed the section boss to lock or fasten the defendant up at night, if he did not quit running about, but he did not know whether he told him to chain defendant or not, and the defendant had never complained of any cruel treatment at the hands of the section boss.

Defendant, examined in his own behalf, denied that it was with his consent that he was put to work on the railroad, and stated that while engaged at such work, he was compelled to sleep in box cars without any comforts, but remained at work until the section boss threatened to chain him in the car at night and he left that service only because he was wrongly treated.

The service to which the defendant was bound under the contract with his employer, as authorized by statute, was penal. He was in contemplation of law performing labor or service as a punishment, as if sentenced to hard labor for the county.—*Ward v. The State*, 88 Ala. 203. The confessed judgment and the contract approved by the court in such cases, do not pay the penalty imposed, but are the conditions, as we have held, on which the offender, by the humane provisions of the law, is permitted to elect how and whom he will serve in satisfying its broken demands.—*Lee v. The State*, 75 Ala. 29 ; *Ward v. The State, supra*. The hirer becomes the transferee of the State to compel the satisfaction of the fine

and costs, in the manner provided for in the contract, and for nothing more. The failure to perform service under any contract not made in this manner prescribed by statute, for the purposes therein specified, is not denounced as criminal. When a contract of this kind has been once entered into, approved by the court, and filed, all, as authorized by statute, it becomes binding and cannot afterwards be modified by the consent, even, of the parties, so as to allow any other service to be legally exacted of or performed thereunder by defendant. The defendant's penal servitude was that of a farm-hand for Mrs. Cunningham, and when she changed his service, and hired him to a railroad company, to do railroad work, she violated her contract with the defendant and her obligation to the State, and defendant was not amenable to penalties for refusing to perform it.—*Smith v. The State*, 82 Ala. 41; *Giles v. The State*, 89 Ala. 50 . *Ward v. The State, supra*.

The general charge as requested should have been given for defendent. And, as it is apparent the defendant is guilty of no crime in what is alleged against him, and can never be convicted of the charge preferred, it is ordered that he be discharged.

Reserved, and defendant ordered to be discharged.