# Salter *v.* The State.

*Prosecution for Failure to perform Services for Sureties in
Confessed Judgment for Fine and Costs.*

1. *Contract of services for surety in confessed judgment; when insuf-
ficient to support a conviction.*—A contract entered into by a defendant
convicted of a misdemeanor with his sureties who confessed judgment
with him for fine and costs, to perform services for such surety, must
define with reasonable certainty the particular act or services under-
taken to be performed; and an agreement by such defendant to labor
for his sureties at their mill in a certain county, "or elsewhere as they
may direct," is too indefinite and uncertain in its stipulation as to the
description of the character of services which the defendant agreed to
perform, and will not support a conviction under the statute (Code of
1886, § 3832; Code of 1896, § 4751), for his failure to work or to per-
form the services for his sureties.


APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

This was a prosecution under section 3832 of the
Criminal Code of 1886, for the failure of the appellant,
Mose Salter, to perform a contract with his sureties who

confessed judgment for the defendant for fine and costs in a certain case in which the defendant was convicted of a misdemeanor. The prosecution was commenced by a complaint which was made before the judge of the Criminal Court.

The contract which was made at the time of the confession of judgment with Sharpless Bros., and which was signed by the defendant, after reciting the fact of the conviction of the defendant of the offense of assault and battery, and of Sharpless Brothers becoming sureties on the confession of judgment for the fine and costs incurred in that behalf, then contains the following stipulations : "Now, therefore, I, the said Moses Salter, for and in consideration of Sharpless Bros. becoming my sureties on said confession for said offense, I do by these presents consent, contract and agree to labor for the said Sharpless Bros. from the date of this contract at their mill in Pike county, or elsewhere as they may direct, at the rate of eight dollars per month until the full amount of the fine and costs are fully paid."

Upon the introduction of all the evidence, the jury returned a verdict of guilty as charged, and a judgment was rendered accordingly. It is from this judgment the defendant appeals.

PARKS & SON, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—From a careful reading of section 3832 of the Code of 1886, which constitutes the failure of a party, under certain circumstances, to perform his contract with another who has confessed judgment for a fine and costs imposed on him, a criminal offense, we are satisfied that it is essential to the creation of the offense that the contract define with reasonable certainty the particular act or service undertaken to be performed. The language of the statute material to the point is, that "Any defendant who　*　*　*　*　agrees to do *any act* or perform *any service* for such person, and who fails or refuses　*　*　*　*　*　to do *the act* or perform *the service*, which, *in such contract*, he promised or agreed to do or perform." (Italics ours). This language implies that some particular act or service must have been

[Salter v. The State.]

contracted to be performed, and not, generally, any act or service which the employer might designate and exact during a particular period of time. Great strictness or detail of description of the act or service is not necessary or required. It is only necessary that the contract disclose with reasonable certainty what the duties of the person employed are. Thus, as we have several times recognized, and in *Shepherd v. State*, 110 Ala. 104, expressly held, that a contract to labor for the employer as a "farm-hand," at a certain sum per month, until the fine and costs were paid, was sufficient.

In furtherance of the view above declared, we held, in *Giles' Case*, 89 Ala. 50, that an indictment, under this statute, which did not contain any description of the act or service which defendant agreed by the contract to do or perform, was bad on demurrer for that cause.

The contract relied upon by the State, in the present case (and the complaint follows it), was that the defendant would "labor for the said Sharpless Bros. from the date of the contract, at their mill in Pike county, *or elsewhere as they may direct*, at the rate of eight dollars per month until the full amount of the fine and costs is fully paid." (Italics ours). It may be, and no doubt is true, that the stipulation, if it stood alone, to labor for the employers at their mill in Pike county, sufficiently indicated that defendant was to labor as a mill-hand at employers' mill, in Pike county, and would have been sufficient to support a prosecution, but its connection with the alternative indefinite and uncertain stipulation vitiated its sufficiency.

The contract being such as will not support a conviction, the judgment is reversed and a judgment will be here rendered discharging the prisoner from further prosecution.

Reversed and prisoner discharged.