# Simmons *v.*The State.

*Indictment for Violation of Contract for Confession of Judgment.*

1.  *Violation of contract for confession of judgment; justice of peace without authority to sentence to hard labor for costs; invalidity of contract.*—A justice of the peace is, by express provisions of the statute, without authority to sentence one convicted in his court to hard labor for the non-payment of costs; and, therefore, a contract made by a defendant with his surety on a confession of judment in a court of a justice of the peace, for fine imposed and costs incurred in the prosecution, by which the defendant obligates himself to perform labor for his surety for a sufficient period at a given rate to pay the costs, as well as the fine, is void; and such defendant cannot be convicted for a violation of such contract unde the statute, (Code, § 4759).

APPEAL from the Criminal Court of Pike.

Tried before the Hon. T. L. BOROM.

The facts of the case are sufficiently stated in the opinion.

D. A. BAKER, for appellant, cited *Shepherd v. State,* 110 Ala. 104; *Winslow v. State,* 97 Ala. 68; *Wade v. State,* 94 Ala. 109; *Ward v. State,* 88 Ala. 202.

MASSEY WILSON, Attorney-General, for State, cited *Ex parte Davis,* 95 Ala. 9; *Smith v. State,* 81 Ala. 74; *Shepherd v. State,* 110 Ala. 104.

TYSON, J.—The defendant was indicted, tried and convicted for a violation of section 4751 of the Code, which reads as follows: "Any defendant, on whom a fine is imposed on conviction for a misdemeanor, who in open court signs a written contract, approved in writing by the judge of the court in which the conviction is had, whereby, in consideration of another becoming his surety on a confession of judgment for the fine and costs, agrees to do any act, or perform any service for such person, and who, after being released on such confession of judgment, fails or refuses without a good and sufficient excuse, to be determined by the jury, to do the act or perform the service, which in such contract he promised or agreed to do or perform, on conviction must be fined," etc., etc.

The contract here violated by defendant was one made with his surety on a confession of judgment in a court of a justice of the peace for the fine imposed and costs incurred in that prosecution. And the contract embodies in it the costs in the justice's court amounting to $22.60, and an obligation on the part of the defendant to perform labor for his surety for a sufficient period of time at the rate of $2.00 per month to pay this sum and also the fine.

It has been held, and properly so, that where contracts of this kind make provisions for the payment of money other than that for which the defendant can be legally sentenced to hard labor, they are void.—*Ex parte Davis,* 95 Ala. 9.

"The hirer becomes the transferee only of the right of the State to compel the satisfaction of such fine and costs and nothing more, by exacting the involuntary servitude of the convict, who himself contracts to change masters for this purpose."—*Smith v. State,* 82 Ala. 40. See also *Wynn v. State, Ib.* 55; *Wood v. State,* 88 Ala. 202; *Winslow v. State,* 97 Ala. 68; *Shepherd v. State,* 110 Ala. 104.

Under a valid contract, the status of the defendant is that of a convict. The legal relations existing between him and the hirer is substantially the same as the one that would exist between him and the State when he has been sentenced to perform hard labor.—*Wood v. State, supra.* But this status can only exist when the court that takes the confession of judgment and approves the contract has the authority to impose hard labor. It can no more exist between the defendant and his employer, in the absence of such an authority, than it could between the State and the defendant.

Who doubts the right of a prisoner to a discharge from custody as a convict, where the court sentencing him to hard labor has no authority to do so? Section 4631 of the Code contains an express prohibition against any justice of the peace or notary public sentencing any person to hard labor for the non-payment of costs. Conceding the right of the State to recover the cost incident to the prosecution, and to have a judgment rendered therefor by the justice in its favor, the judgment evidences nothing more nor less than a debt due to the State, which cannot, under the statute last cited, be enforced by the performance of hard labor by the convict. The hirer having acquired the right of the State, no more and no less, it is plain that he can no more enforce the payment of the costs of the conviction, than could the State. And where he makes a contract with the defendant to that end, it is nothing more nor less than an agreement on the part of the defendant to be held in involuntary servitude for the payment of a debt, which, of course, is void.

The State in support of the correctness of the judgment here appealed from cites and relies upon *Ex parte Davis, supra,* and *Smith v. State,* 81 Ala. 74. It is true these cases involved a confession of judgment before a justice of the peace for the fine and costs and a contract with the surety as here. But the *Smith case* was decided prior to the enactment of section 4631 of the Code. Besides the question decided involved only the sufficiency of the indictment which was held fatally defective on another point. *Davis' case,* it is true, was decided after

the enactment of section 4631 of the Code, but the point we have considered was not alleged as a ground in the petition for his discharge, it being a *habeas corpus* proceeding. This court, in dealing with the case, adhered strictly to the questions raised by the allegations of the petition, and held the contract void because it embodied the obligation on the part of the convict to pay advances. But the principle there declared is decisive on the question here presented.

The judgment of conviction must be reversed and a judgment will be here rendered discharging the defendant.

Reversed and rendered.