# Elston *v.* The State.

### *Violating Criminal Contract.*

(Decided Feb. 6, 1908. 45 South. 667.)

*False Pretense; Criminal Contract.*—A contract made, under section 4751, by one convicted of a misdemeanor with the person who confesses with him for the fine and cost thereof, which provides that such person shall work for his surety until the fine and costs are paid "over and above the amount advanced to him for living expenses," is void, the advances being a mere debt for the payment of which involuntary servitude is prohibited.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

John Elston was convicted of failing to perform a written contract with his surety, who had confessed judgment with him, under Code 1896, § 4571, and appeals. Reversed and rendered.

GRAVES EMBRY AND C. C. WHITSON, for appellant. Under the contract on which the prosecution is based no conviction could be had in this case.—*Smith v. The State,* 82 Ala. 40; *Davis v. The State,* 95 Ala. 9; *Winslow v. The State,* 97 Ala. 68.

[Elston v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State.

TYSON, C. J.—The defendant was tried and convicted for failure to perform a written contract with his surety, who had confessed judgment with him for the fine and costs which had been adjudged against him upon conviction for misdemeanor. Section 4751 of the Code of 1896. One of the stipulations of this contract is that the defendant "is to receive out of his earnings a sufficient sum to reasonably enable him to live, and that this contract is to be in force and effect until the aforesaid fine and costs is paid in full over and above the amount advanced to him for living expenses." It appears undisputedly from the testimony that defendant had, by his services under the contract, more than satisfied the amount of the fine and costs, but that he had not performed enough service to satisfy the advances made to him and the fine and costs. The point is made that the advances are a mere debt, and involuntary servitude cannot be exacted of him for their repayment; that to extend the obligation of the contract beyond the payment of the fine and costs to the inclusion of advances would violate that provision of the Constitution inhibiting imprisonment for debt. Defendant's liability for advances to enable him to live while performing services under the contract is just as much a debt as would be his lability for advances for any other purpose. The point is well taken, and is fully sustained by the following cases: *Ex parte Davis,* 95 Ala. 9, 16, 11 South. 308; *Wynn v. State,* 82 Ala. 55, 2 South. 630; *Smith v. State,* 82 Ala. 40, 2 South. 629; *Winslow v. State,* 97 Ala. 68, 12 South. 423. Indeed, upon the authority of *Ex parte Davis, supra,* the contract was void, and would not support the prosecution.

The case having been tried by the presiding judge without a jury, the judgment of conviction will be reversed, and one will be here rendered discharging defendant.

Reversed and rendered.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.