[Askew v. The State.]


# Askew *v.* The State.

## *Habeas Corpus.*

(Decided Dec. 17, 1908.   48 South. 107.)

*Convicts; Labor Contracts; Designating Place and Time of Labor.*—A contract which provides that the convicts are to perform work and labor at mining in and around the works and mines of a certain named company in specified counties in the state, is sufficiently definite as to the place and kind of labor to be performed.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Petition of Clem Askew for discharge on habeas corpus. From an order denying a discharge, he appeals. Affirmed.

See, also, 155 Ala. 103, 46 South. 751.

Clem Askew was convicted of a misdemeanor, and sentenced to hard labor in the county of Baldwin, and, while being detained by the sheriff pending the arrival of the hard-labor agent he filed his petition, alleging that the sheriff was about to deliver him to the hard-labor agent, and that the county had no valid contract with persons to work convicts on the outside of the county, and had not provided for working them on public works, or any other kind, in the county, and in consequence there was no person to whom the sheriff could legally deliver him.   The county had a contract with the Sloss-Sheffield Company for the hire of county convicts, which the petitioner alleged was void because the kind of labor and the place of labor of the convicts was not sufficiently and definitely stated and ascertained by the contract, so as to be within the purview of the statute on that subject.

[Askew v. The State.]

LESLIE HALL, for appellant. The only provision in the contract of employment, is that the convict shall be employed "in, at or around the mines and works of the Sloss-Sheffield S'. & I. Co., in the counties of Jefferson and Walker, in the state of Alabama." This is clearly violative of the Code.—Sec. 4534, Code 1896; *Salter v. The State*, 23 South. 141. The place where the convict is to labor is not set out.—General Acts 1907, 1st S. S., sec. 5; *Ex parte King*, 82 Ala. 59; *Ex parte Crews*, 78 Ala. 457; *Ex parte Gouche*, 15 South. 601.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—The sheriff had not held the petitioner an unreasonable time; for, so far as the record shows, he may have applied for the writ immediately after surrendering himself. It is insisted, however, that the sheriff was holding him for the purpose of delivering him to the hard-labor contractor, and that the contract under which petitioner was to be received was invalid. Conceding, without deciding, that the contract can be questioned while the petitioner was in the hands of the sheriff, and that he did not have to wait until he reached the custody of the contractors, we are of the opinion that the contract was not subject to the infirmities suggested in brief of counsel. The contract provides that the convicts are to "work and labor in mining in and around the works and mines of the Sloss-Sheffield Company * * * in the counties of Jefferson and Walker in the state of Alabama," and is sufficiently definite as to place and kind of labor.—*Fuller v. State*, 97 Ala. 27, 12 South. 392. In the case of *Salter v. State*, 117 Ala. 135, 23 South. 141, the contract was condemned because it required the defendant to work "elsewhere as they may direct," thus being indefinite as to place.

The order appealed from is affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.