198 So. 459

**LAVENDER v. CITY OF TUSCALOOSA.**

**6 Div. 579.**

Court of Appeals of Alabama.

Aug. 6, 1940.

Rehearing Denied Oct. 29, 1940.

E. W. Skidmore, of Tuscaloosa, for appellee.

James J. Mayfield, of Tuscaloosa, for appellant.

BRICKEN, Presiding Judge.

This cause originated in the Recorder's Court of the City of Tuscaloosa. From an adverse decision and judgment in said court, the defendant regularly appealed to the circuit court, and from a like decision and judgment in the circuit court this appeal was taken.

On this appeal the appellant has, as the law requires, assigned error, based upon four grounds, all of the same import, and as we see it, the only question presented by this appeal for our consideration is the constitutionality vel non of Ordinance No. 311, as amended, of the City of Tuscaloosa. Said ordinance provides in brief, that persons not having modern toilet facilities, connected with the city sewerage system, shall build and maintain certain specified

types of "sanitary privies." The amended ordinance further provides that these sanitary privies shall be cleaned by the city scavenger, and for this service the city collects a schedule of fees from the persons so served. The ordinance makes the failure or refusal to pay the fees, when they become due and payable, a criminal offense. The prosecution in this case was based upon a complaint, filed by the city charging appellant with violating the aforesaid ordinance.

In answer to said complaint the defendant interposed demurrer based upon the grounds that said ordinance was violative of the Constitution of the State of Alabama; in that, it attempted to imprison the defendant for debt; and that it was violative of the Constitution of the United States, in that it deprived the defendant of the protection of the due-process of law clause of the XIVth amendment thereof. The further insistence, by demurrer, was to the effect that said ordinance was violative of the Federal and State Constitutions, in that it failed to sufficiently define the standard of guilt, and that the complaint was vague and indefinite, in that it did not sufficiently inform the defendant of what he was called upon to defend, or allow a reasonable joinder of issue thereon.

The action of the trial court in overruling the demurrer is made the premise upon which this appeal was taken.

With reference to the insistences, (1) that the ordinance, aforesaid, was violative of the Constitution of the United States in that it deprived the defendant of the protection of the due-process of law clause of the XIV amendment; (2) that said ordinance was violative of the Federal and State Constitution because it failed to sufficiently define the standard of guilt, and (3) that the complaint was vague and indefinite in that it did not sufficiently inform the defendant of what he was called upon to defend, or allow a reasonable joinder of issue thereon, we may only say, that each of the foregoing insistences is wholly without merit. There appears no controversy, or question, as to the regularity of the adoption, ordination and promulgation of the ordinance in question by the Board of Commissioners, the regularly constituted authority of said city; and it clearly appears that the ordinance itself is a complete answer to, and a refutation of, the several insistences above enumerated. No further discussion of these questions is deemed necessary, hence will not be indulged, except to say municipal ordinances are presumed to be reasonable, not arbitrary or discriminatory, and the rule is, one claiming that an ordinance is unreasonable, arbitrary or discriminatory, is under the burden of alleging, and proving, facts to support such claim or insistence.

The remaining contention of appellant, towit: "That ordinance No. 311, as amended, of the City of Tuscaloosa, is violative of the Bill of Rights of the Constitution of Alabama, 1901, in that it violates the citizen's immunity from imprisonment for debt," appears to be the principal insistence of error to effect a reversal of the judgment of the lower court from which this appeal was taken.

The City of Tuscaloosa, appellee, had the authority, under police powers, to enact the ordinance upon which this prosecution was based. It also had the authority to make proper and reasonable regulations therein for the preservation of the health of its inhabitants, and to enforce such regulations by, providing for a reasonable penalty for the violation thereof, and the willful neglect or refusal to comply with the provisions of such ordinance; that is to say, with the public duty therein prescribed which may be made a crime without violating Section 20 of the Declaration of Rights of the Constitution of Alabama 1901, as here insisted.

The immunity from imprisonment for debt contemplated and provided in said Section 20 of the Constitution has application to, and is limited to, debts arising out of contract. Bray v. State, 140 Ala. 172, 183, 37 So. 250, and does not extend to and include a fine and costs imposed by the municipality for the willful neglect or refusal to comply with the public duty imposed upon the defendant by the terms of the ordinance upon which the prosecution was rested.

What has hereinabove been said is in line with the recent decision of the Supreme Court of Alabama, in the case of L. E. Benson v. City of Andalusia, 195 So. 443, in manuscript. The court in said case (speaking through Mr. Justice Livingston) among other things said: "A municipality owning its sewer system may also provide by ordinance that the use of such system, without the payment of a service charge, not arbitrary or discriminatory, is a misdemeanor punishable by fine, and such an ordinance does not violate constitutional in-

hibitions against imprisonment for debt. In the case of Bray v. State, 140 Ala. 172, 37 So. 250, 253, this court, quoting from Lee v. State, 75 Ala. 29, 30, said: 'That fines, forfeitures, mulcts, damages for a wrong or tort, are not a debt within this clause of the Constitution * * * and when a citizen by his own misconduct exposes himself to the punitive powers of the law, the expense incident to his prosecution and conviction, each and all of these may result in subjecting the defaulter to a money liability. These are not debts incurred by contract inter partes, but are the result of being members of the social compact, or body politic. * * * Penalties are imposed in furtherance of some public policy, and as a means of securing obedience to law. Persons who incur these, are either in morals or law wrongdoers, and not simply unfortunate debtors unable to perform their pecuniary obligations' to whom the constitutional provisions against imprisonment for debt do not apply."

Further discussion need not be had. It follows, therefore, that no error prevailed in the action of the trial court in overruling defendant's demurrer to the complaint. The judgment appealed from will stand affirmed.

Affirmed.